

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| POUCHON FRANCIQUE, | Case No.:  26-cv-3531-RSH-JLB |
|---|---|
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| WARDEN, | |
| Respondent. | |

On June 12, 2026, petitioner Pouchon Francique filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. On June 18, 2026, the action was transferred to the undersigned. ECF No. 3.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also*

Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

This action is Petitioner's fourth immigration habeas petition that has been assigned to the undersigned. *See also* Case Nos. 26-cv-1126, 26-cv-2304, 26-cv-2722. The most recent of these prior petitions, 26-cv-2722, remains pending.

The current Petition requests Petitioner's release, but does not provide an adequate legal basis for such relief. Petitioner alleges only in conclusory terms that the immigration judge erred in determining that he was a flight risk. ECF No. 1-2 at 1. However, the relief for such a claim of error is generally an appeal to the Board of Immigration Appeals. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision.").

Petitioner's allegations do not establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the Petition is **DISMISSED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 22, 2026

*Robert S Huie*

_____

Hon. Robert S. Huie
United States District Judge

26-cv-3531-RSH-JLB